[No. 4,345.]

## MARY E. MATTHAI *v.* JOHN C. MATTHAI.

NEW TRIAL IN DIVORCE CASE.—In an action for a divorce on the ground of cruelty, if, after a decree is rendered, the losing party applies for a new trial on the ground that the evidence is insufficient to sustain the judgment, and the testimony of one party is directly contradicted by the other, the rule in other cases that, where there is a conflict in the evidence the judgment will not be disturbed, will be applied.

EVIDENCE IN DIVORCE CASE.—If, in an action for a divorce, the wife testifies to acts of personal violence committed by the husband, evidence of the husband attempting to excuse, or apologize for such acts, will not be regarded as substantially contradicting her.

CORROBORATIVE EVIDENCE UNDER SECTION ONE HUNDRED AND THIRTY OF THE
CIVIL CODE.—Case where the evidence of the party seeking a divorce
was sufficiently corroborated under section one hundred and thirty of
the Civil Code.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The parties were married in San Francisco in 1855. This action was commenced by the wife to obtain a divorce, in June, 1873. The complaint alleged several acts of personal violence to have been committed by the husband, within one year before the action was commenced. The parties had five children: Rose, aged seventeen; Richard, aged fifteen; Julia, aged twelve; Frank, aged ten, and Louis, aged eight years. The wife's testimony showed that the husband had a violent temper, and that in October, 1872, she took some money out of the trunk to pay what was due on life insurances of the parties, when he became angry, and the next day she asked for money to buy a dinner, and he said he had no money. That she heard the money rattle in his pocket, and put her hand in his pocket to get it, when he struck her with his hand, and slapped her on the side of the head, and threw her violently on the floor. That in December, 1872, the defendant called her a child-killer in the presence of the children, and accused her of having been guilty of an abortion, and of wanting to sleep with one Jacob. That the wife took hold of him and begged him not to call her so, when he kicked her severely, and threw her down on the floor. That the husband frequently, in the presence of the children, called her a child-killer. That in November, 1872, while the defendant was whipping the youngest boy, the wife desired him to desist, when he struck her a violent blow on the side of the head. That in May, 1873, the wife purchased food for a fine dinner, on credit, and the husband and she began quarrelling, and called each other names, and the next morning he took hold of her, and threw her out of the house. That on the 5th of June the husband, in the presence of the children, called the wife a b—ch, and said the children would have had

more brothers and sisters if the wife had not committed a crime. That at another time he exposed his person in the presence of his wife and her married sister, and made obscene remarks. In short, the wife's testimony showed an almost incessant scene of quarrelling during the year. She admitted that she sometimes called him names, such as dog, when he was in the midst of his bursts of passion. Her evidence tended to show that the husband was obscene in his language, and created nuisances about the house, and accused her of being crazy,

The testimony of Rose, the eldest daughter, showed that the plaintiff had been out of health, nervous and debilitated, during the last year. She corroborated her mother in relation to the scene when the latter tried to take money from the defendant's pocket, and he struck her and threw her on the floor. She also corroborated her mother in relation to the defendant calling her names; such as child-killer, and witnessed several acts of violence sworn to by her mother. Her testimony also showed that the house of the parties had been an almost constant scene of quarrels during the year.

Barbara Brewer, the sister of the plaintiff, corroborated the latter about the defendant's indecent exposure of his person, and his obscene language. The defendant, in his testimony, denied some of the acts of violence, and admitted others, but, in relation to the latter, claimed that they were committed either in self defense, or when the wife was violent and called him names, in efforts to stop her. He claimed that his wife was partially crazy, and that she deserved sometimes to be punished for her acts of alleged violence in words and manner.

The Court below found the defendant guilty of cruelty, and decreed a divorce. The defendant moved for a new trial. The Court below denied the new trial, and in doing so, delivered the following opinion:

"The defendant moves for a new trial on the pleadings and bill of exceptions filed, which are hereby made a part of this statement.

"I have given to this case, on this motion, much considera-

tion, but am unable to reach any different conclusion from that heretofore arrived at. While upon paper, it may not appear that plaintiff had any great reason to complain on the score of mental anguish, yet the appearance of the parties in Court, in connection with the evidence offered, entirely satisfied my mind that she was a keen sufferer by reason of the premeditated, persistent and willful system of persecution and annoyance adopted by the defendant towards her. The defendant is a strong, muscular, hearty man in the meridian of animal power, while the plaintiff is a weak, frail woman and very evidently of an exceedingly nervous temperament. From all the circumstances I am satisfied that, while she used some harsh language towards him, yet there was no mental anguish caused on his part thereby, but that his language to, and treatment of her not only caused her mental but also physical suffering, and that to remand her to his control and companionship would be virtually consigning her to a premature death or to insanity."

The defendant appealed.

The other facts are stated in the opinion.

*W. H. Rhodes,* for the Appellant.

*J. F. Cowdery,* for the Respondent.

By the COURT.

It is not claimed by the appellant that an error of law, in admitting or excluding evidence, occured at the trial. The only point made by the appellant is, that the evidence is insufficient to sustain the findings, or justify the decision based thereon. The sole specification is, "that the testimony of the plaintiff, which is positively contradicted by the defendant, whose character for veracity has not been impeached, is not corroborated sufficiently to established the charge of extreme cruelty, as defined by statute." The general grounds, upon which the complaint proceeds, are physical suffering and mental suffering, both of which are alleged to have been caused by the cruel treatment of the defendant toward the plaintiff for a number of years of

their married life. The voluminous record sent up is full of the details of the most disgusting and outrageous conduct of the defendant toward the plaintiff; and if the evidence tending to show these is to be believed, it would be a reproach to the law should relief be denied to the plaintiff.

The Court below gave credit to the plaintiff's evidence, and rendered a decree in her favor. Supposing, as claimed by the appellant's counsel, that the testimony of the plaintiff was directly contradicted by that of the defendant, the rule habitually applied here must work an affirmance of the judgment. But, on looking into the evidence of the defendant, we are not prepared to say that a great deal is to be found there going to substantially contradict the case of the plaintiff. Much of it consists of a rather poor apology for a line of conduct of the most reprehensible and brutal character, appearing to have been habitually pursued by the defendant toward the plaintiff, his wife.

The evidence given upon the part of the plaintiff by witnesses other than herself, affords a sufficient corroboration of her own testimony within section one hundred and thirty of the Civil Code.

Judgment affirmed. Remittitur forthwith.