[No. 2,511.]

## EMELINE R. EVANS *v.* ALVARO EVANS.

EVIDENCE IN DIVORCE CASES.—In an action to obtain a divorce, the confessions or admissions of the defendant can be given in evidence.

IDEM.—The eighth section of the Act of 1851, concerning divorces, does not prohibit evidence of such admissions from being received in evidence. It only prohibits a divorce from being granted on admissions of the defendant without any other proofs.

PROOF OF ADULTERY.—The act of adultery, like any other fact, may be established by circumstantial proof.

ENTERING HOUSE OF PROSTITUTION.—The fact that a married man enters
a house of prostitution in the evening and remains all night raises a strong
presumption of adulterous intercourse, and casts the burden on the party
who does so of showing that he is innocent.

By CROCKETT, J., TEMPLE, J., *concurring:*

CORROBORATING EVIDENCE IN DIVORCE SUIT.—If the wife, when plaintiff
in an action for a divorce, testifies that she detected the husband in the act
of adulterous intercourse, her testimony is sufficiently corroborated, under
the second section of the Act concerning divorces, if it appears that the
other party to such adulterous intercourse was of a doubtful character for
chastity, and that the husband was in the habit of associating with women
of bad character, and that this woman had been the only female inmate of
his house for a long time.

APPEAL from the District Court of the Second Judicial
District, Lassen County.

The facts are stated in the opinion.

*H. L. Gear,* and *E. V. Spencer,* for Appellant.

A married man going to a brothel, knowing it to be a
house of that description, raises a suspicion of adultery neces-
sary to be rebutted by the very best evidence. (Shelford on
Marriage and Divorce, 410; *Astley* v. *Astley,* 1 Hagg. Ecc.
R. 720; *Van Epps* v. *Van Epps,* 6 Barb. 322.)

"It is a fundamental rule," says Lord Stowell, in the great
leading case of *Loveden* v. *Loveden,* upon the subject of evi-
dence of adultery, "that it is not necessary to prove the
direct fact of adultery; because, if it were otherwise, there
is not one case in a hundred in which that proof would be
attainable. In every case, almost, the fact is inferred from
circumstances that lead to it by fair inference as a necessary
conclusion; and, unless this were so held, no protection
whatever could be given to marital rights. * * * The
only general rule that can be laid down upon the subject
is, that the circumstances must be such as would lead the
guarded discretion of a reasonable and just man to the con-
clusion. * * * The facts are not of a technical nature;

they are facts determinable upon common grounds of reason. Upon such subjects the rational and the legal interpretation must be the same." (*Loveden* v. *Loveden*, 4 Eng. Ecc. R. 461; Poynter on Marriage and Divorce, 187, et seq.; *Jeter* v. *Jeter*, 36 Ala. 391; *State* v. *Poteet*, 8 Iredell, 23; *Day* v. *Day*, 3 Green Ch. 444.)

By definition, " to corroborate " is simply " to strengthen," " to confirm;" and any evidence, circumstantial or direct, which tends to strengthen or confirm the evidence of a witness, in respect to any material element in his or her testimony, is corroborative thereof; and where, from all the evidence taken together, there is no good reason to doubt the veracity of the witness, or the truth of his or her narrative, and such narrative is rendered *probable* and *credible* in view of other testimony, the ends of justice can require nothing further.

" The presumption that the criminal act had been committed," says the Supreme Court of Alabama, " would be strengthened by proof that the general reputation of the female was that of a woman who was not disinclined to yield to the temptations and improve the opportunities established by such evidence." (*Blockman* v. *The State*, 36 Ala. 296.)

*J. Lambert*, for Respondent.

The admission or confession of a party, in cases like the one at bar, must be attended with certain requisites to render it legally admissible. Such confession or admission must be " full, confidential, relevant, free from suspicion of collusion, and corroborated by circumstances." (*Matchin* v. *Matchin*, 6 Barb. 332.) Again, such admissions require: First, undoubted proof that they were made; second, that the expressions were clear and distinct; and third, that the

admissions were sincere. (Bishop, Marriage and Divorce, Vol. 2, note under Sec. 242, and authorities there cited.)

"With respect to going to houses of ill-fame, the mere going there, unconnected with other circumstances, does not necessarily create an inference of guilt." (1 Adams, 411, et seq. Appeal to the Court of Arches, 1 Adams, 68, note.)

We submit that the cases cited by appellant are in strict accord with this principle, and the expression used by Lord Stowell in *Loveden* v. *Loveden*, 4 Eng. Ecc. R. 472, quoted by appellant's counsel, was used in connection with the *facts and circumstances* of that case, and those facts and circumstances were such as to lead the mind to the irresistible conclusion of guilt on the part of the defendant. So, too, in *Astley* v. *Astley*, 1 Hagg. Ecc. 720, and in *Van Epps* v. *Van Epps*, 6 Barb. 322. In the former of these cases the circumstances were conclusive of adultery with a prostitute, and the *particeps criminis* was a prostitute.

"There must be something more than opportunity. There must be some overt act, or some circumstances to show that he was disposed to avail himself of the opportunity to commit adultery."

By the Court, CROCKETT, J.:

This is an action by the wife for a divorce, on the ground of adultery, alleged to have been committed by the husband; and the judgment having been for the defendant, the plaintiff has appealed, assigning as error: First, the exclusion by the Court of certain declarations and admissions of the defendant, offered to be proved by the plaintiff on the trial; and second, that the judgment is not supported by the evidence.

The evidence which was excluded was of admissions of the defendant, that he had had adulterous intercourse with prostitutes. The eighth section of the Act of 1851, concerning

divorces, which provides that a divorce shall not be granted on the confession or admission of the defendant, was intended to prevent collusive divorces, and requires other proof of the facts alleged, but does not prohibit such admissions from being given in evidence in connection with other proofs. Standing alone, and unsupported by other evidence, they would not be sufficient to authorize the divorce. Nevertheless, they are competent evidence, and are to be weighed in connection with the other proofs. This was the construction given to the statute in *Baker* v. *Baker,* 13 Cal. 87, and is, doubtless, the correct one. The Court, therefore, erred in excluding the evidence.

On the proofs in this cause I am at a loss to comprehend on what theory the Court could have arrived at the conclusion that the charge of adultery was not proven. It was shown by the testimony of a witness, who was neither contradicted or impeached, that on one occasion the defendant entered a house of prostitution in Marysville, and was seen to emerge from it on the following morning. No explanation whatever was given or attempted by the defendant of the purpose of his visit to this house; and, in the absence of all proof to the contrary, the natural and reasonable presumption is that he went there for the purpose indicated by the character of the house. If the object of his visit and his conduct whilst there were innocent, the *onus probandi* was on him to show it. The mere fact that a married man enters a house of prostitution in the evening, and remains all night, raises so strong a presumption of adulterous intercourse as to require the most satisfactory evidence to rebut it. The act of adultery, like any other fact, may be established by circumstantial proof; and it would shock the moral sense of the community to hold that such proof as this, if unexplained, would not raise a strong presumption of adulterous intercourse. This was the view of Lord

Stowell, an eminent Judge in this class of cases. (See *Loveden* v. *Loveden*, 4 Eng. Eccl. R. 472.)

But, in addition to this proof, the plaintiff, who was examined as a witness on her own behalf, testified that on one occasion, just prior to her separation from her husband, she detected him in *flagrante delictu*—in the very act of adulterous intercourse—with one Mary Wall. There is no rebutting testimony whatever on this point. The said Mary Wall, though called as a witness for the defense, was not examined in respect to the adulterous act testified to by Mrs. Evans; and the defendant did not offer himself as a witness to contradict her. Her testimony on this point stands wholly uncontradicted and unimpeached. But it is said that by the second section of the Act of March 12th, 1870 (Stats. 1869–70, p. 291), it is provided that no divorce shall be granted on the testimony of either husband or wife, "unless corroborated by other evidence;" and it is claimed that, in respect to this particular transaction, Mrs. Evans was not corroborated by other evidence. The statute does not define to what extent the corroboration must go. In the very nature of the case it would be impossible to lay down any general rule as to the degree of corroboration which will be requisite. Hence the statute only requires that there shall be some corroborating evidence; and there was sufficient evidence of that character in this case to satisfy the statute. The more than doubtful character of Mary Wall for chastity, the fact that for some years she was the sole female inmate of the defendant's house, and the proclivity of the defendant to associate with women of that class, all tend strongly to fortify the testimony of Mrs. Evans in respect to this particular transaction. But without attempting a further analysis of the testimony, it will suffice to say, on this point, that if the act of adultery was not sufficiently proved in this case it will be in vain for injured wives to appeal to the Courts for a redress of this class of grievances.

Nor did the evidence establish that these offenses of the defendant had been condoned by the plaintiff after she was aware of their existence.

Judgment reversed, and cause remanded for a new trial.

RHODES, C. J., concurring specially:

I concur in the judgment on the grounds discussed by Mr. Justice CROCKETT, except in respect to the corroboration of the plaintiff.

WALLACE, J., concurring specially:

I concur in the judgment on the first ground discussed; upon the others I express no opinion.