[No. 13908.  In Bank. — February 14, 1891.]

## JOANNA COOPER, APPELLANT, v. JOHN F. COOPER, RESPONDENT.

DIVORCE — CORROBORATION OF PLAINTIFF. — Under section 130 of the Civil Code, providing that no divorce shall be granted upon the uncorroborated statement, admission, or testimony of the parties, the testimony of the plaintiff need not be corroborated as to every fact and circumstance, but it is enough if the facts corroborated are sufficient to support the action, and justify the entry of a decree in the plaintiff's favor.

ID. — EXTREME CRUELTY — CORROBORATION AS TO ONE ACT. — Where the defendant is charged with many acts of extreme cruelty extending through a period of years, the testimony of plaintiff as to a course of extreme cruelty on the part of the defendant, and evidence of his admissions of cruelty to another witness, is sufficiently corroborated by further proof of one of the acts of cruelty alleged in the complaint.

ID. — FORMER SUIT BY DEFENDANT — UNFOUNDED CHARGES OF CRUELTY. — The institution of a former suit by the defendant against the plaintiff, without any cause, the complaint in which contained extremely cruel and unjust charges, such as no husband should be permitted to make against his wife if untrue, is an act of cruelty, which is sufficiently corroborated by evidence of the complaint containing the charges, and of the voluntary dismissal of the action, and by testimony of a witness as to its cruel effect upon the defendant.

ID. — DISMISSAL OF SUIT — PRESUMPTION AS TO FALSITY OF CHARGES. — It will be presumed that charges made in a complaint in an action for divorce were untrue, where the action is voluntarily dismissed by the plaintiff.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. W. Hughes,* and *A. L. Hart,* for Appellant.

*Chauncey H. Dunn,* for Respondent.

BELCHER, C. — This is an action for divorce, on the ground of extreme cruelty. The complaint charged the defendant with many acts of cruelty, extending over a period of several years, and the answer admitted all the averments of the complaint in this regard. After trial the court found that all the averments of the complaint

were true; that five thousand dollars would be a fair share of the community property for the plaintiff, and that the property rights of the parties had been amicably settled; that the defendant was better fitted to have the care, custody, and control of the children than the plaintiff, and was better able to support them. A decree was accordingly entered, dissolving the bonds of matrimony between the parties, and awarding to the plaintiff five thousand dollars as her share of the property, and to the defendant the care and custody of the two minor children. Within ten days after the decree was entered, the plaintiff changed her attorney, and moved for a new trial, on the ground that the findings were not justified by the evidence, because they were supported only by her own uncorroborated testimony. The motion was denied, and thereupon she appealed from the judgment and order.

At the trial the plaintiff was a witness, and testified to many acts of cruelty on the part of the defendant, such as repeatedly calling her harsh and opprobrious names, threatening her with violence, seizing her with great force and violence, pinching her arms until they were black and blue, striking her upon the face and body, leaving black and blue marks from his blows, throwing her upon the floor in a rude, angry, and threatening manner, and compelling her to leave the family residence and seek shelter elsewhere, which acts, as she said, were committed without any fault or provocation on her part, and had caused her great physical pain and mental anguish and sorrow She also testified that, about two years before,—and this was alleged in the complaint,—the defendant commenced an action against her for divorce, on the ground of cruelty, "without any cause therefor, and finally dismissed the same, after having shamed and humiliated me by the charges which he brought against me." The complaint in the former action was introduced in evidence, and it stated, among other things, that the defendant, plaintiff here, by innu-

endoes and slurs and untruths had attempted to poison the minds of the children of the parties against the plaintiff, "for the purpose of causing them to mistrust and dislike plaintiff, and to deprive plaintiff of the affection of his said children naturally due him; that continuously since said defendant's return from Chicago, as aforesaid, she has said in the presence of and to said children, when plaintiff was absent, or about to be absent, from the city of Sacramento, the residence of plaintiff and defendant, attending to plaintiff's business, that she hoped some accident would befall plaintiff, so that he could not, or for some other reason would not, or ever, return to defendant or to said children; that on or about the third day of January, A. D. 1886, she, defendant, threatened to kill plaintiff, and has since said she then intended to do so."

Grove L. Johnson, the plaintiff's attorney, was also called as a witness in her behalf, and testified that he was well acquainted with the plaintiff and defendant; that he had known them for many years; that the defendant, in conversation with him, had admitted that on several occasions he had used violence upon the plaintiff; that he had seized her by the arm and forcibly prevented her from leaving the house on several occasions; that on one occasion he had pinched plaintiff's arms, and that he had also used harsh and opprobrious names to her. He further testified that the defendant is a man of strong and ungovernable temper, and accustomed to have his own way; that the plaintiff is a small, frail, and delicate woman, and her constitution is such that she cannot stand much mental suffering; that he knew of the divorce proceedings brought by defendant against the plaintiff, in which defendant charged plaintiff with cruelty; that Mrs. Cooper was afraid to and did not contest the same; that Mr. Cooper dismissed them of his own motion after they had come partly to trial; that said divorce proceedings had caused Mrs. Cooper much sorrow and

trouble and grievous mental suffering, and had troubled her mentally a great deal, as the witness had ascertained and seen from many conversations with her.

The above was, in substance, all the testimony showing cause for a divorce, and the only question is, Was the plaintiff's testimony sufficiently corroborated to meet the requirements of section 130 of the Civil Code? That section provides: " No divorce can be granted upon the default of the defendant, or upon the uncorroborated statement, admission, or testimony of the parties."

Under this section it evidently is not necessary that the plaintiff's testimony be corroborated as to every fact and circumstance testified to. It is enough if there be corroboration as to some fact or facts which is or are sufficient to support the action and justify the entry of a decree in plaintiff's favor. (*Matthai* v. *Matthai*, 49 Cal. 90.)

In *Evans* v. *Evans*, 41 Cal. 103, the court, speaking of the statute then in force, and which was similar to the provision of the code above quoted, said: " The statute does not define to what extent the corroboration must go. In the very nature of the case it would be impossible to lay down any general rule as to the degree of corroboration which will be requisite. Hence the statute only requires that there shall be some corroborating evidence."

We think there was some corroborating evidence in this case. One of the acts of cruelty alleged in the complaint was the institution, by the defendant against the plaintiff, of a former suit for divorce, without any cause therefor. The charges made in the complaint in that case, if untrue, were extremely cruel and unjust, and such as no husband should ever be permitted to make against his wife. That the charges were made was shown by the complaint itself, which was introduced in evidence, and that they were untrue must be presumed from the fact that the plaintiff voluntarily dismissed his suit, though he had, by threats and fear, prevented the defendant from appearing to contest it.

These facts, with the testimony of Mr. Johnson, certainly corroborated the plaintiff's testimony as to one act of extreme cruelty on the part of the defendant, and we think this sufficient corroboration to uphold the judgment.

It follows, in our opinion, that the judgment and order should be affirmed, and we so advise.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

PATERSON, J., concurring. — I concur in the judgment, on the ground that the plaintiff is not a "party aggrieved" within the meaning of sections 657 and 938, Code of Civil Procedure. Plaintiff was granted all the relief she prayed for. She was asked by the court whether she wanted the children, and she replied that she did not, because Mr. Cooper had always been kind to them, always had the care of them, and could take better care of them than she could. The property rights of the parties had been settled amicably between them. There is nothing, therefore, in the record upon which the plaintiff can base a claim of grievance, and I am at a loss to understand the object of the motion for a new trial, and of this appeal. While it is true, as stated in *McBlain* v. *McBlain*, 77 Cal. 508, cited in the briefs, the public has an interest in the result of every action for divorce, and the court, on grounds of public policy, should exercise its discretion to the fullest extent in securing to both parties a full and fair hearing on the merits, the public has no right of appeal, nor has any one the right to represent it. Plaintiff probably desires a new trial for the purpose of securing some additional relief in regard to property matters; but as to such matters the public has no more interest than it has in any other action involving property rights.