[No. 14644.   Department One. — July 27, 1892.]

MINNIE L. FLEMING, RESPONDENT, *v.* SAMUEL J.
FLEMING, APPELLANT.

DIVORCE — EXTREME CRUELTY — CONSIDERATION OF CIRCUMSTANCES. —
What acts of a spouse will constitute extreme cruelty, within the mean-
ing of the statute providing for a divorce upon that ground, cannot be
defined with precision; but each case is to be determined, according to
its own peculiar circumstances, by the good sense and judgment of the
court or jury, keeping always in view the intelligence, apparent refine-
ment, and delicacy of sentiment of the complaining party.

ID. — GRIEVOUS MENTAL SUFFERING — QUESTION OF FACT. — Whether in
any given case there has been inflicted grievous mental suffering upon
one of the spouses is a pure question of fact to be deduced from all the
circumstances of each particular case.

ID. — PLEADING — ATTEMPT AT INTERCOURSE WITH DOMESTIC — PUBLICITY
OF CHARGE — INJURY TO WIFE'S HEALTH — CONCLUSIVENESS OF FINDING.
— Where a complaint, in an action for a divorce by a wife on the ground
of extreme cruelty, alleged that the defendant attempted to have sexual
intercourse with their domestic, and that such conduct on the part of
the defendant received great publicity by reason of a complaint having
been made by the domestic before a magistrate, charging the defendant
with assault with intent to commit a rape upon her, and that afterwards
he threatened to turn the plaintiff out upon the world penniless unless
she would help him to keep the domestic from prosecuting him on the
complaint, and that such conduct on the part of the defendant, and the
publicity given to it, caused the plaintiff grievous mental suffering,
thereby greatly impairing her health, it cannot be said, as a matter of
law, that such conduct did not inflict grievous mental suffering upon
her, and a finding by the court that it did is conclusive upon appeal, in
the absence of evidence in the record.

ID. — PRESUMPTION — INTENTION TO ANNOY WIFE. — Such conduct of the
defendant being voluntary and inconsistent with marital integrity, it
will be conclusively presumed that he intended the natural and ordinary
effect thereof upon his wife; and the law will not condone the offense,
upon the ground that the acts imputed to him were not willfully done to
annoy or vex the plaintiff, and that he did not suppose any publicity
would be given to them, or that his wife would be told about them.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*C. W. Pendleton,* and *Thomas J. Carran,* for Appellant.

The complaint is insufficient, as it does not state that the defendant persisted in a course of immoral conduct, or that he even repeated the act of illicit intimacy charged against him. Generally, a divorce will not be granted for a single act of cruelty. (*Hoshall* v. *Hoshall,* 51 Md. 72, 75; 34 Am. Rep. 298; *Embree* v. *Embree,* 53 Ill. 394, 395.) There is no allegation that the defendant acted willfully or consciously to the distress of the plaintiff, or had reason to believe that his conduct would cause her " grievous mental suffering." The injury must be done deliberately; it must be willful. (*Neeld* v. *Neeld,* 4 Hagg. Ecc. 263; *Miller* v. *Miller,* 78 N. C. 102, 105; *Kennedy* v. *Kennedy,* 73 N. Y. 369.) The plaintiff does not claim that cohabiting with the defendant would be dangerous or unendurable to her. This is an essential element of legal cruelty. (*Beyer* v. *Beyer,* 50 Wis. 254, 257; 36 Am. Rep. 848; *Elmes* v. *Elmes,* 9 Pa. St. 166, 167.) Neither does it appear that there was any actual or reasonably apprehended injurious effect upon the health of the complaining party. (1 Bishop on Marriage and Divorce, 6th ed., secs. 732, 733 b; *Powelson* v. *Powelson,* 22 Cal. 362.) The complaint does not contain any proper or sufficient allegation of the effect of the defendant's conduct upon the health of the plaintiff, thus lacking that fact which has been declared by this court to be the final test or criterion of legal cruelty. (*Waldron* v. *Waldron,* 85 Cal. 256; *Powelson* v. *Powelson,* 22 Cal. 362.) The allegation that defendant's acts have caused plaintiff " grievous mental suffering " is not a statement of fact, nor of anything from which the court could infer that a case of extreme cruelty existed. (*Smith* v. *Smith,* 62 Cal. 466; *Waldron* v. *Waldron,* 85 Cal. 256.) There is nothing charged that even partakes of the nature of

legal cruelty, except the alleged threat, and that is too trifling to be considered a sufficient cause for a divorce, under the allegation of extreme cruelty. (See *Cline* v. *Cline*, 10 Or. 474; *Miller* v. *Miller*, 78 N. C. 102.)

*John G. Rossiter*, for Respondent.

Acts of cruelty need not be persistent before relief and safety can be had by a divorce. (*Mahone* v. *Mahone*, 19 Cal. 627; 81 Am. Dec. 91; *Smith* v. *Smith*, 8· Or. 100; *McMahan* v. *McMahan*, 9 Or. 525; *Graft* v. *Graft*, 76 Ind. 136; *Kelly* v. *Kelly*, 18 Nev. 49; 51 Am. Rep. 732; *Pinkard* v. *Pinkard*, 14 Tex. 356; 65 Am. Dec. 129; *Huilker* v. *Huilker*, 64 Tex. 1; *Albert* v. *Albert*, 5 Mont. 577; 51 Am. Rep. 86; *Hooper* v. *Hooper*, 19 Mo. 355; *D'Aguilar* v. *D'Aguilar*, 1 Hagg. Ecc. 773; *Moyler* v. *Moyler*, 11 Ala. 620; *Carpenter* v. *Carpenter*, 30 Kan. 712; 46 Am. Rep. 108.) Any conduct sufficiently aggravated to produce ill health or bodily pain, though operating primarily upon the mind only, should be regarded as legal cruelty. (*Powelson* v. *Powelson*, 22 Cal. 358; *Carpenter* v. *Carpenter*, 30 Kan. 712; 46 Am. Rep. 108; *Rice* v. *Rice*, 6 Ind. 100; *Holdon* v. *Holdon*, 1 Hagg. 453.) The contention that the complaint is insufficient because containing no allegation that the defendant acted willfully or consciously in injuring the plaintiff is untenable, as it will be presumed that a person intends the ordinary consequences of his voluntary act. (Code Civ. Proc., sec. 1963, subd. 3; *Pardy* v. *Montgomery*, 77 Cal. 326; *Carpenter* v. *Carpenter*, 30 Kan. 712; 46 Am. Rep. 108.) Nor is it necessary, in determining this point, to inquire from what motive his conduct proceeds. What his object may have been, beyond the carnal and immoral one alleged in the complaint, is immaterial, — it could not have been a good one; nor could it, under any circumstances, be justifiable for him to attempt to have sexual intercourse with his domestic either by solicitation or violence. (*Carpenter* v. *Carpenter*, 30 Kan. 712; 46 Am. Rep. 108.) The allegation that the conduct of the defendant caused the plaintiff grievous mental suffering, thereby greatly impairing

her health, is a sufficient allegation of the effect of the defendant's conduct upon the health of the plaintiff. (*Haley* v. *Haley*, 14 Pac. Rep. 94; *Dietrick* v. *Dietrick*, 14 Phila. 649; *Smedley* v. *Smedley*, 30 Ala. 714.)

PATERSON, J. — This is an action for divorce on the ground of extreme cruelty. The material allegations of the complaint are as follows: —

" Plaintiff further alleges that on the evening of the eleventh day of March, 1891, the plaintiff and defendant left their home in South Pasadena, in this county, for the purpose of attending a lecture in the city of Los Angeles; that they left their infant child at their said home in the care of their domestic, one Annie Peterson; that after said lecture the plaintiff and her sister went to the house of a friend in the said city of Los Angeles for the purpose of spending the night there; that the defendant returned to their said home and found the said Annie Peterson in bed and asleep; that defendant then and there entered the bed of said Annie Peterson, and attempted to have sexual intercourse with her; that he tried to persuade her that it would not be wrong for him and her to have sexual intercourse together; that he remained in bed with the said Annie Peterson for upwards of two hours before retiring to his own room; that this conduct on the part of defendant has received great publicity by reason of a complaint having been made by the said Annie Peterson before a magistrate in the city and county of Los Angeles, charging the defendant with having at said time and place assaulted her with intent to commit a rape upon her; that afterwards the said defendant came to plaintiff and threatened to turn her out upon the world penniless unless she would help him to keep the said Annie Peterson from prosecuting him on the said complaint; that this conduct on the part of the defendant, and the publicity which has been given to it, *has caused plaintiff grievous mental suffering, thereby greatly impairing her health.*"

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute

a cause of action, the demurrer was overruled, defendant offered no further defense to the action, the court upon the proofs taken found the facts alleged in the complaint to be true, and judgment was entered in favor of the plaintiff, dissolving the bonds of matrimony. From this judgment the defendant has appealed, and now insists that the demurrer ought to have been sustained, because the facts alleged are insufficient to support a finding of extreme cruelty.

Our statute provides that "extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage."

Courts and elementary writers have found it impossible to define with precision what acts will constitute extreme cruelty, and it would be idle for us to review the decisions cited, because they are as variant as the language of the several statutes upon which they were founded. The habits and dispositions of different married persons vary so much that it is impossible to lay down any universal rule for the determination of what indignities should be regarded as grounds of divorce under the statute. The legislature has necessarily employed general words, and left each case to be determined, according to its own peculiar circumstances, by the good sense and judgment of courts and juries. "Whether in any given case there has been inflicted this 'grievous mental suffering' is a pure question of fact, to be deduced from all the circumstances of each particular case, keeping always in view the intelligence, apparent refinement, and delicacy of sentiment of the complaining party." (*Barnes* v. *Barnes, ante,* p. 171.)

We cannot, as matter of law, say that the conduct charged in the complaint did not inflict upon the plaintiff grievous mental suffering. The court below has found as a fact that it did, and it is the province of that court, and not our own, to determine the facts. The evidence is not in the record, and the finding is conclusive. We presume the court considered the character of the parties, and was guided by the statute and its

sense of right and justice, and not by any chivalric sentiment, in awarding a decree to the plaintiff.

The attorneys for appellant attempt to excuse his conduct on the ground that the acts imputed to him were not willfully or deliberately done to annoy or vex the plaintiff, — that he did not suppose any publicity would be given to them, or that his wife would be told about them; but the law will not condone a violation of the marriage obligation on any such ground. His conduct being voluntary and inconsistent with marital integrity, it is conclusively presumed that he intended the natural and ordinary effect thereof upon his wife. He, better than any one else, is supposed to know the effect a disclosure of his acts would have upon her; he took the chances of being found out, and must suffer the consequences. His threat to turn his wife out upon the world penniless, unless she assisted in saving him from a prosecution for his offense, did not indicate any contrition on his part, or that his consideration for the feelings of plaintiff would be any greater in the future than it had been in the past.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.