[Civ. No. 553.  Third Appellate District.—March 9, 1909.]

## LILLIE  E.  BLANCHARD, Respondent,  v.  MARTIN BLANCHARD, Appellant.

DIVORCE—EXTREME CRUELTY — CORROBORATIVE EVIDENCE—DEGREE NOT FIXED.—In an action for a divorce on the ground of extreme cruelty, the statute requires only some corroborative evidence, and, in the nature of the case, no rule can be laid down as to the degree of corroboration required.

ID.—PURPOSE OF CORROBORATION—PREVENTION OF COLLUSION.—While the courts are bound by the terms of the statute in determining the sufficiency of the corroboration, it is proper to consider the purpose of the legislature in enacting it, which was the prevention of collusion. It is held that there is no pretense of collusion in this case.

ID.—CORROBORATION OF SUCCESSIVE ACTS OF ILL-TREATMENT.—When the cruelty consists of successive acts of ill-treatment, it is a sufficient corroboration if a considerable number of important and material facts are so testified by other witnesses, or there is other evidence, circumstantial or direct, which strongly tends to strengthen and confirm the statements of the plaintiff.

ID.—INCOMPATIBILITY OF TEMPERAMENT.—While incompatibility of temperament furnishes no ground for a divorce in this state, it may be properly taken into consideration as explaining the course of conduct of the defendant; and, taken into consideration for that purpose, it may afford a reasonable explanation not only of defendant's general course of conduct toward the plaintiff, as testified to by herself, but also as a circumstance tending to corroborate and confirm the charges made by plaintiff as constituting his general course of conduct toward her, even as to those testified to by the plaintiff alone.

ID.—SUFFICIENCY OF CORROBORATION—GENERAL COURSE OF CONDUCT OF HUSBAND.—It is held that, although there is no direct corroboration of the testimony of plaintiff as to the specific acts of cruelty charged, incompatibility of temperament appears, and the mutual confidence and affection essential to conjugal happiness and the proper maintenance of the marriage state seems to have been entirely wanting, and that the corroboration shows an austerity of temper, petulance of manners, rudeness of language, want of civil attention and accommodation, and sallies of passion on the part of the husband, and that his general conduct was such as to render the plaintiff's life miserable and unendurable.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, for Appellant.

Ashley & Neumiller, for Respondent.

BURNETT, J.—Plaintiff was granted a divorce on the ground of cruelty. Many specific acts are alleged in support of the general conclusion that for years defendant has pursued "a course of cruel treatment of plaintiff and has caused her grievous mental suffering."

These allegations are denied by the answer and the testimony of the parties is sharply conflicting. As stated by him, "The main point relied upon by appellant is that there is a total want of corroboration of plaintiff's testimony to justify the judgment and findings of the court."

In the determination of the question the following considerations are important: In the nature of the case no rule can be laid down as to the degree of corroboration required. The statute requires only some corroborative evidence. (*Evans* v. *Evans,* 41 Cal. 103; *Cooper* v. *Cooper,* 88 Cal. 45, [25 Pac. 1062]; Civ. Code, sec. 130.) Again, while the courts are bound by the terms of the statute in determining the sufficiency of the corroboration, it is proper to consider the purpose of the legislature in exacting it. The purpose mainly was to prevent collusion. (*Andrews* v. *Andrews,* 120 Cal. 186, [52 Pac. 298].) And where the cruelty consists of successive acts of ill-treatment, it is sufficient corroboration if a considerable number of important and material facts are so testified to by other witnesses, or there is other evidence, circumstantial or direct, which strongly tends to strengthen and confirm the statements of the plaintiff. (*Andrews* v. *Andrews,* 120 Cal. 186, [52 Pac. 298].)

It is to be remembered, also, that while incompatibility of temperament furnishes no ground for divorce in this state, it may properly be taken into consideration as explaining the course of conduct of defendant. And taken into consideration for that purpose, it may afford a reasonable explanation

not only of defendant's general course of conduct toward the plaintiff, as testified to by herself, but as a circumstance tending to corroborate and confirm the charges made by plaintiff as constituting his general course of conduct toward her, even as to those testified to by plaintiff alone. (*Avery* v. *Avery,* 148 Cal. 244, [82 Pac. 967].)

There is no pretense here of collusion. The defendant, indeed, stoutly resisted the effort of plaintiff to secure a divorce. He positively denied for the most part any acts of cruelty, although his answers in relation to some of the specific charges were somewhat evasive and equivocal. His anxiety to prevent a dissolution of the marital union is shown by his conduct at the trial and also by his successful efforts to secure the dismissal of two former actions for divorce brought by the plaintiff. For this opposition, of course, evil is not to be imputed to defendant, but it renders it less difficult to find sufficient corroboration to support the trial court's determination.

Incompatibility of temperament is disclosed by the record also, and that mutual confidence and affection essential to conjugal happiness and the proper maintenance of the marriage state seem to have been entirely wanting.

There is, however, no direct corroboration of plaintiff's testimony as to the specific acts of cruelty charged in the complaint.

To bring the case, though, within the principles hereinbefore announced, plaintiff relies largely upon the testimony of the witnesses Amelia Curry and Mrs. M. A. Fields, who testified to acts of defendant exhibiting what Lord Stowell, in *Evens* v. *Evens,* 4 Eng. Ecc. 310, characterizes as "austerity of temper, petulance of manners, rudeness of language, a want of civil attention and accommodation, sallies of passion," not of themselves sufficient to justify a divorce, but adding strength to the contention of plaintiff of a uniform course of ill-treatment.

Appellant urges that this is not in support of the specific acts alleged in the complaint, but we think it is brought within the rule announced in the quotation from *Briggs* v. *Briggs,* 20 Mich. 34: "The complainant, it appears, has not confined her evidence to the specific acts of cruelty charged in the bill, but has given testimony of other instances, none of them re-

garded by itself very serious in character, but all tending to show that the general conduct of the defendant was such as to render her life miserable. For this purpose and to characterize and explain the particular acts charged in the bill, evidence of this description was competent and proper."

It is true, as held by that court as well as others, that an act which, standing alone, might be regarded as a mere ebullition of passion or ill-humor, and insufficient to justify the interposition of the court when observed in the light of the general behavior of the party, becomes indicative of a malignant intent to render the life of the object unendurable.

The appellant also challenges the findings as to certain particular acts as not within the issues made by the pleadings, but this circumstance becomes immaterial, as the other findings are sufficient to support the judgment.

We conclude, therefore, that considering the acts, declarations and testimony of the parties and the testimony of other witnesses, there is sufficient corroboration to justify the findings of the court below as to the material allegations of the complaint, and that as a matter of law we cannot say the judgment is unwarranted.

The judgment and order are therefore affirmed.

Hart, J., and Chipman, P. J., concurred.