[Civ. No. 29. Fourth Appellate District.—December 6, 1929.]

ELIZABETH LOUISE THOELE, Respondent, v. BERNARD THOELE, Appellant.

James L. Davis and Sharpless Walker for Appellant.

A. P. Nelson and Clyde Bishop for Respondent.

MARKS, J.—Respondent filed her action for divorce in the court below upon the grounds of extreme cruelty. Appellant filed his answer in which he specifically denied all of the allegations of extreme cruelty. After a trial the court granted respondent an interlocutory decree of divorce, from which appellant took this appeal.

Appellant presents several assignments of error, but they contain quite the same questions of law and fact and may be consolidated under two heads, namely, that respondent's amended complaint does not state facts sufficient to constitute a cause of action, and, therefore, that the evidence submitted in support thereof does not sustain the interlocutory decree of divorce; and that the testimony of respondent was not sufficiently corroborated. He urges an additional specification of error under which he maintains that ''there is a clear preponderance of evidence in favor of the defendant, and against the plaintiff,'' which cannot be considered here. Where the evidence is conflicting, as in this case, it is within the province of the trial court to pass upon its weight and sufficiency. Because the greater weight or preponderance of the evidence is on the side of one party or the other is not ground for reversal on appeal, where it is conflicting. It is only where there is a total absence of competent evidence to sustain a material finding that an appellate court will reverse a judgment upon a question of its insufficiency. (*Van Camp* v. *Van Camp,* 53 Cal. App. 17 [199 Pac. 885].)

In the amended complaint, upon which the trial was had, respondent alleged that prior to their marriage appellant had told her that he was of good moral character and worthy of her love and affection; that shortly after the ceremony she learned that he had been guilty of the crime of burglary; that after marriage he was guilty of larceny

on several occasions and brought the stolen property to their home, showed it to her, and told her that he had stolen it; that she lived in constant fear of the arrest of her husband, and of her home being searched as a place of concealment of stolen property; that he was extremely stingy and penurious, and habitually and falsely charged her with being extravagant, and criticised her expenditures in the maintenance of their home, to which allegation she added instances of the conduct of which she complained; that the treatment of her by appellant caused her to suffer greatly in her nervous system and mind; that it was wrongful and caused her grievous mental suffering. While the testimony of respondent supported 'the allegations of her complaint, appellant flatly contradicted all of it except that he had been guilty of burglary prior to their marriage. This was not denied by him.

In presenting his argument in support of his claim that the allegations of the amended complaint do not state facts sufficient to constitute a cause of action, and that the evidence in support thereof does not support the judgment, appellant cites and relies upon decisions of eastern and southern courts worthy of the highest respect. However, an examination of the statutes of the several states in effect at the time the decisions were rendered discloses that the extreme cruelty upon which an action for divorce could be predicated was denied by such statutes, as, such conduct on the part of the guilty spouse as would produce either physical injury or render a continued joint residence dangerous to the innocent party. The definition of extreme cruelty given us by our legislature contains no such restrictions, so the cases cited have not been followed here.

Our legislature has defined extreme cruelty as any act, or acts, or conduct, that would result in the "wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage" (sec. 94, Civ. Code). Since the decisions of the cases of *Barnes* v. *Barnes*, 95 Cal. 171 [16 L. R. A. 660, 30 Pac. 298], and *Fleming* v. *Fleming*, 95 Cal. 430 [29 Am. St. Rep. 124, 30 Pac. 566], it has been the recognized rule of law in this state that "no arbitrary rule of law can be laid down as to what particular facts must be alleged and proven in order to justify a finding that the complaining party has suffered

grievous bodily injury or has undergone grievous mental suffering. A correct decision must always depend upon the sound sense and judgment of the trial court. 'Whether in any given case there has been inflicted grievous mental suffering or grievous bodily injury, is a question of fact to be deduced from all the circumstances of each particular case, keeping always in mind the intelligence, apparent refinement and delicacy of sentiment of the complaining party.' (*Barnes* v. *Barnes,* 95 Cal. 171 [16 L. R. A. 660, 30 Pac. 298]; *Fleming* v. *Fleming,* 95 Cal. 430 [29 Am. St. Rep. 124, 30 Pac. 566]; *Andrews* v. *Andrews,* 120 Cal. 184 [52 Pac. 298]; *MacDonald* v. *MacDonald,* 155 Cal. 665 [25 L. R. A. (N. S.) 45, 102 Pac. 927]; *Donnelly* v. *Donnelly,* 26 Cal. App. 577 [147 Pac. 582]; *Perkins* v. *Perkins,* 29 Cal. App. 68 [154 Pac. 483]; *Maloof* v. *Maloof,* 175 Cal. 571 [166 Pac. 330]; *McCahan* v. *McCahan,* 47 Cal. App. 176 [190 Pac. 460]; *Crum* v. *Crum,* 57 Cal. App. 539 [207 Pac. 506].) Therefore in the case at bar, whether or not the acts and conduct of appellant inflicted grievous mental suffering, or grievous bodily injury, or both, upon the respondent, was a question of fact for the determination of the trial court from all the facts and circumstances in the case." (*Hansen* v. *Hansen,* 86 Cal. App. 744 [261 Pac. 503].)

█ In the case before us, appellant admitted that he had been guilty of the crime of burglary before their marriage, and that respondent knew of this fact. Respondent testified that her husband told her that he had stolen various articles of personal property, including tools, electric light reflectors, hose, burlap, copper wire and other such articles, bringing them to their home, and that he thought it was smart on his part to defraud his rich employers. This course of conduct might well have caused her the most grievous mental suffering. She knew that he had committed the grave crime of burglary. She had his statements that he was continuing his career of crime, and the products of his alleged larceny were before her. To a woman of high principles and refinement, the belief that her husband was a criminal, together with the constant fear of his arrest and the attendant disgrace always threatening her, might furnish the keenest form of mental suffering. She testified that it not only affected her mind, but that her health was impaired by it, and her testimony upon this phase of the

case was amply corroborated. The trial court found in her favor and under the decisions heretofore cited this finding will not be disturbed here.

Appellant urges with great earnestness that the testimony of respondent as to his extreme cruel treatment of her, predicated upon his acts of larceny alleged to have been committed after the marriage, was not sufficiently corroborated. He denied stealing the property and attempted to explain its acquisition by lawful means, either by gift or by purchase. The articles described by respondent as stolen by her husband were all seen at their home by at least one of her witnesses. Appellant attempted to explain the possession of the hose in question by the testimony of a relative, who said he permitted appellant to take and use some half-inch garden hose, while that seen by respondent's witnesses at the home of the parties was inch and one-half cotton covered hose. According to the testimony of appellant, and corroborated by his own witnesses, the reflectors in question, from ten to fifteen in number, were taken by him from the Moshier Special Oil Company without the consent of the company. On another occasion appellant attempted to steal a five-pound can of grease from the Standard Oil Company. Appellant denied all of the thefts except the burglary committed before marriage, and the attempted theft of the grease, but his testimony was so thoroughly impeached by the contradictory evidence of disinterested witnesses that the trial court might well have considered him unworthy of belief.

It is the well-settled law of this state that it is not necessary that all of the acts of extreme cruelty relied upon by a party be corroborated by other evidence in order to support a judgment for divorce. It is only necessary that some, or a material number, of the alleged acts be supported by evidence other than that of the parties, and circumstantial evidence may be competent to assist in the corroboration (*Venzke* v. *Venzke,* 94 Cal. 225 [29 Pac. 499]; *Andrews* v. *Andrews,* 120 Cal. 184 [52 Pac. 298]; *Avery* v. *Avery,* 148 Cal. 239 [82 Pac. 967]; *Percy* v. *Percy,* 188 Cal. 765 [207 Pac. 369]; *Blanchard* v. *Blanchard,* 10 Cal. App. 203 [101 Pac. 536]; *Johnston* v. *Johnston,* 17 Cal. App. 241 [119 Pac. 403]). Section 130 of the Civil Code requires corroboration of the testimony of the parties. "Under this

section it evidently is not necessary that the plaintiff's testimony be corroborated as to every fact and circumstance testified to. It is enough if there be corroboration as to some fact or facts which is or are sufficient to support the action and justify the entry of a decree in plaintiff's favor. (*Matthai* v. *Matthai*, 49 Cal. 90.) In *Evans* v. *Evans*, 41 Cal. 103, the court, speaking of the statute then in force, and which was similar to the provision of the code above quoted, said: 'The statute does not define to what extent the corroboration must go. In the very nature of the case it would be impossible to lay down any general rule as to the degree of corroboration which will be requisite. Hence the statute only requires that there shall be some corroborating evidence.' . . . These facts, with the testimony of Mr. Johnson certainly corroborated the plaintiff's testimony as to one act of extreme cruelty on the part of the defendant, and we think this sufficient corroboration to uphold the judgment." (*Cooper* v. *Cooper*, 88 Cal. 45 [25 Pac. 1062, 1063].)

■ Appellant further contends that other findings of the trial court as to other acts of extreme cruelty are not supported by the evidence. As the judgment is supported by the findings we have already reviewed, it will not be necessary to further consider the evidence supporting the other findings. (*Andrews* v. *Andrews, supra.*)

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.