[Civ. No. 5560. First Appellate District, Division Two.—April 24, 1926.]

R. BOYD WALLACE, Guardian, etc., Respondent, v. FLORA M. CLOTHIER, Appellant.

[1] DIVORCE—EVIDENCE—CORROBORATION.—Although section 130 of the Civil Code provides that a divorce may not be granted upon the uncorroborated testimony of the parties, it is not necessary that there be corroboration of every act testified to by the plaintiff, but there must be corroboration of a considerable number of important and material facts relied upon.

(1) 19 C. J., p. 133, n. 23, 25, p. 134, n. 34, 37.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

J. W. Satterwhite for Appellant.

D. H. Donnelly for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment granting the plaintiff a divorce. Since the interlocutory decree of divorce was entered, plaintiff has been judicially declared to be an incompetent person and his guardian has been substituted in his place and stead in this action.

[1] Appellant contends that the record contains no corroboration of the plaintiff's testimony upon which the divorce was granted. A reading of the record convinces us of the correctness of this contention. The plaintiff testified that just prior to the separation of himself and wife, they were living together at Long Beach, California. He was not working because of illness and had never worked during the period of the marriage. His wife assisted in maintaining the household by ` keeping boarders and taking in washing. One of these boarders was a man named Miller. Mrs. Clothier sold the house in which they were living and

See 9 Cal. Jur. 737, 738; 9 R. C. L. 436.

when she was about to move, she asked her husband to make arrangements for hauling the furniture. He did so, protesting that he did not wish Miller to continue as a boarder or move into the new house. Mrs. Clothier said Miller was to move with them, and, according to plaintiff, suggested that Mr. Clothier might go elsewhere. The separation occurred at this time. Plaintiff testified to several other incidents which would have had a cumulative value in sustaining his case had they been corroborated; but they were not corroborated. On the other hand, defendant contradicted plaintiff's testimony in all important particulars, and was corroborated in her statements that plaintiff used intoxicating liquors to excess over a long period of time. The trial judge appreciated the weakness of plaintiff's case and several times during the trial impressed upon the parties that there was no corroborating evidence of either cruelty or desertion, the offenses alleged. The matter was finally taken under advisement by the court and the decree granted. Section 130. of the Civil Code provides that a divorce may not be granted upon the uncorroborated testimony of the parties, and the decisions in this state, while holding that it is not necessary that there be corroboration of every act testified to by the plaintiff, nevertheless lay down the rule that there must be corroboration of a considerable number of important and material facts relied upon. (*Avery* v. *Avery,* 148 Cal. 239 [82 Pac. 967]; *Blanchard* v. *Blanchard,* 10 Cal. App. 203 [101 Pac. 536]; *Johnston* v. *Johnston,* 17 Cal. App. 241 [119 Pac. 403]; *Percy* v. *Percy,* 188 Cal. 765 [207 Pac. 369].) The record in the instant case does not meet this test.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.