[Civ. No. 1388.  First Appellate District.—July 6, 1914.]

# THOMAS BAUCOM, Appellant, v. HESTER BELLE BAUCOM, Respondent.

DIVORCE—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDINGS IN FAVOR OF DEFENDANT.—In this action for a divorce the testimony of the defendant alone, if believed by the court, was sufficient to support the finding that she had not been guilty of the extreme cruelty charged against her.  On the other hand, her testimony, with the corroborating testimony of other witnesses, was, if believed by the trial court, sufficient to support the finding that the plaintiff had been guilty of extreme cruelty toward her.  The latter finding alone is in turn sufficient to sustain the judgment in favor of the defendant upon her cross-complaint.

ID.—CONFLICTING TESTIMONY—REVIEW ON APPEAL.—The decision of the trial court in such case, resting upon conflicting evidence, will not be disturbed on appeal.

ID.—EVIDENCE—WEIGHT AND CREDIBILITY—NUMBER OF WITNESSES.— The rule that when the evidence in a civil case is contradictory, the decision must be made according to the preponderance of evidence, contemplates that the court will be controlled by the weight of the evidence, as indicated by the apparent credibility of the witnesses, rather than by their mere numerical preponderance.  Witnesses are not counted, but their testimony is weighed.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order refusing a new trial.  Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

James A. Hall, for Appellant.

Wyckoff & Gardner, for Respondent.

LENNON, P. J.—In this case the plaintiff prayed for a divorce from the defendant upon the single ground of extreme cruelty.  The defendant denied in her answer the acts of cruelty charged against her in the plaintiff's complaint, and in addition, interposed a cross-complaint, alleging habitual intemperance and extreme cruelty on the part of the plaintiff, and prayed that a divorce be granted to her upon those grounds.  All of the material allegations of the de-

fendant's cross-complaint were denied in an answer thereto
by the plaintiff. Upon the issues thus raised the court below
found against the plaintiff upon the allegations of his com-
plaint, and found for the defendant in susbtantial accord
with the allegations of her cross-complaint. Judgment was
accordingly entered, granting the defendant an interlocutory
decree of divorce, from which, and from an order denying
a new trial, plaintiff has appealed.

In support of the appeal plaintiff relies solely upon the
contention that the findings of fact made against him upon
the issues raised by his complaint and the defendant's answer,
are contrary to the evidence; and that the findings of fact
made in favor of the defendant upon the issues raised by
her cross-complaint and the plaintiff's answer thereto, are not
supported by the evidence. This contention is rested solely
upon the reasoning that because the testimony of the defend-
ant relative to the paramount issues in the case was in one
instance contradicted by two witnesses for the plaintiff, and
in another instance by the plaintiff and three witnesses, "her
testimony is to be disregarded, and there remains no substan-
tial conflict in the evidence."

Perchance this contention is seriously made; but if so, it
need not be seriously considered, further than to say that
the settled and generally understood rule of evidence (Code
Civ. Proc., sec. 2061, subd. 5), which directs that when the
evidence in a civil case is contradictory the decision must be
made according to the preponderance of evidence, contem-
plates that the court will be controlled by the weight of the
evidence, as indicated by the apparent credibility of the wit-
nesses, rather than by their mere numerical preponderance.
In brief, it is axiomatic "that witnesses are not counted, but
that their testimony is weighed." (Jones on Evidence, sec.
900.) Inasmuch as the very statement of the point presented
for a reversal involves an admission of a conflict in the evi-
dence adduced upon the whole case, it will suffice to say that
the testimony of the defendant alone, if believed by the court,
was sufficient to support the finding that she had not been
guilty of the extreme cruelty charged against her. On the
other hand, her testimony and the corroborating testimony
of other witnesses was, if believed by the trial court, suffi-
cient to support the finding that the plaintiff had been guilty
of extreme cruelty toward her. The latter finding alone is

in turn sufficient to sustain the judgment in favor of the defendant upon her cross-complaint. The trial court apparently gave full credence to the testimony on behalf of the defendant, and accordingly resolved whatever conflict there may have been in the evidence upon the whole case in favor of the defendant. This the trial court had the right to do; and its decision upon the facts of the case, resting as it does upon conflicting evidence, will not be disturbed here.

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.