[Civ. No. 1535.   Second Appellate District.—February 17, 1915.]

MARTHA DONNELLY, Appellant, v. HENRY M. DONNELLY, Respondent.

DIVORCE — EVIDENCE — LIMITING CROSS-EXAMINATION — WHEN NOT REVERSIBLE ERROR.—In an action for divorce upon the ground of extreme cruelty the action of the trial court limiting the cross-examination by appellant in reference to the acts of the defendant and occurrences prior to a certain date, even if erroneous, cannot be attacked on appeal as reversible error.

ID.—EXTREME CRUELTY—MENTAL SUFFERING—RULE FOR DETERMINING. There is no scale by which to gauge the purely mental susceptibilities and sufferings of another. Whether in a given case there has been inflicted "grievous mental suffering" is a pure question of fact, to be deducted from the circumstances of each particular case, keeping always in view the intelligence, apparent refinement, and deli-

26 Cal. App.—37

cacy of sentiment of the complaining party; and no arbitrary rule of law as to what particular probative facts shall exist in order to justify a finding of the ultimate fact of its existence can be given.

ID.—SUFFICIENCY OF EVIDENCE.—In this case it is held that the finding of the trial court, based upon conflicting evidence, against the charge made by the plaintiff of extreme cruelty cannot be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Munroe, Judge.

The facts are stated in the opinion of the court.

Trask, Norton & Brown, for Appellant.

Andrew J. Copp, Jr., for Respondent.

SHAW, J.—This is an appeal by plaintiff from a decree of court denying her a divorce upon the ground of extreme cruelty.

Aside from physical acts of cruelty set forth therein, the complaint alleged the use by defendant of language toward plaintiff and accusations made against her which, if so used and made, might have caused her grievous mental suffering to an extent constituting extreme cruelty toward plaintiff.  The court, however, upon conflicting evidence, made findings, upon which no attack is made, to the effect that the allegations were untrue.

Appellant complains that the court ruled that no inquiry could be made as to acts of the defendant and occurrences prior to a certain date.  In support of this contention we are referred only to rulings made by the court wherein it denied defendant the privilege of introducing certain evidence tendered.  Thus limiting the cross-examination upon defendant's inquiry was not a ruling, even if erroneous, which could be attacked on appeal by plaintiff as constituting reversible error.  Moreover, our attention is not directed to any adverse ruling to the plaintiff made by the court to which she interposed objection.

The act of physical cruelty alleged was an assault and battery committed by defendant upon plaintiff.  The evidence clearly tended to prove this allegation, but the court, it ap-

pears, was satisfied that the assault, as shown by defendant's testimony, was technical rather than real.

The married life of the parties appears to have been accompanied with much bickering and mutual fault-finding, and it may be conceded that defendant made accusations against his wife, using language that if applied in some cases would have caused grievous mental suffering to a degree that should be deemed extreme cruelty. But "there is no scale by which to gauge the purely mental susceptibilities and sufferings of another. . . . Whether in any given case there has been inflicted this 'grievous mental suffering' is a pure question of fact, to be deduced from all the circumstances of each particular case, keeping always in view the intelligence, apparent refinement, and delicacy of sentiment of the complaining party; and no arbitrary rule of law as to what particular probative facts shall exist in order to justify a finding of the ultimate facts of its existence can be given." (*Barnes* v. *Barnes,* 95 Cal. 171, [16 L. R. A. 660, 30 Pac. 298].) The trial judge had the parties before him and thus having the opportunity of judging of the degree of intelligence, refinement, and delicacy of feeling possessed by plaintiff, concluded that the course of conduct of defendant toward plaintiff and any accusations of a want of chastity made against her, so far as established upon a conflict of testimony adduced, were not such in this case as to cause grievous mental suffering to an extent that would constitute extreme cruelty.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.