[Civ. No. 3238.  First Appellate District, Division One.—March 5, 1920.]

ERNEST P. DE VILLE, Respondent, v. LOLA DE VILLE, Appellant.

[1] DIVORCE — DESERTION — CONFLICTING EVIDENCE—FINDING.—In this action for divorce upon the ground of desertion, in which the defendant set up in a cross-complaint that the plaintiff had deserted her, had failed to supply her with the common necessaries of life, and had been guilty of treating her with extreme cruelty, although the evidence was conflicting, from the testimony of both the plaintiff and the defendant, as well as from the letters from plaintiff to defendant in which he sought to persuade her to take up her abode with him and live as husband and wife, to which entreaties she paid no heed, the trial court was justified in finding in favor of the plaintiff that the defendant had deserted him within the meaning of sections 96 and 107 of the Civil Code.

APPEAL from a judgment of the superior court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

John L. Richardson and Nathan Newby for Appellant.

Stahl & Sayles for Respondent.

GOSBEY, J., pro tem.—This is an appeal by the defendant from an interlocutory decree of divorce granted to the plaintiff in this action.

The plaintiff sought by his complaint herein, filed on the fourteenth day of November, 1916, to obtain a divorce from the defendant upon the ground of desertion.  The defendant in her answer denied that she had deserted the plaintiff, but set up in a cross-complaint that the plaintiff had deserted her, had failed to supply her with the common necessaries of life, and had been guilty of treating her with extreme cruelty.  The plaintiff denied these allegations of the cross-complaint.

The appellant's contentions are that the evidence produced at the trial of the action was insufficient to sustain the find-

1. Refusal of wife to follow husband on change of domicile, as desertion, notes, 5 Ann. Cas. 582; 4 L. R. A. (N. S.) 145.

ings, or to justify the decision, that the decision is against law, and that errors in law were committed by the court.

The record in this case discloses the following facts: The plaintiff is a druggist. He was living with his wife on the twenty-second day of May, 1915, at Redondo Beach, California. His place of business was located at No. 336 South Main Street, in the city of Los Angeles. On the above date he told his wife that for business reasons they should remove to Los Angeles. He packed up and removed his personal effects to that city and there took up his abode. He consented that his wife might remain at Redondo Beach for a short time. Soon after he had become settled in his new home his wife called on him, but he saw her for only a few minutes. He did not see her again for several months. He wrote her several letters asking her to come to the store to talk over their affairs. She paid no attention to his requests. He was unable to make an appointment with her. She removed to another dwelling place, which he could not locate and the address of which she did not give to him. He had a conversation with her over the telephone and endeavored to get her to meet him at some place in Redondo Beach, but this she absolutely refused to do. In the months of June and July, 1915, the plaintiff sent several letters to his wife. In these letters he addressed her in endearing terms and sought by earnest appeals to persuade her to come to Los Angeles, take up her abode with him, and live as husband and wife. To his entreaties she paid no heed. Several checks were introduced in evidence showing that during the months of June and July, 1915, the plaintiff had supplied his wife with money. He testified he had paid her sixty-five dollars a month from May 22 to July 22, 1915. About August 15, 1915, the plaintiff met his wife at Redondo Beach, when they talked matters over; he again requested her to live with him in Los Angeles, but she would not consent. He did not talk with her after this. He published a notice that he would not be responsible for her bills.

These parties had been married before and were divorced. They remarried on the twenty-third day of December, 1914.

The wife testified that their troubles began about two weeks after their second marriage. To support her allegations she testified that her husband had called her vile names, accused her of being intimate with a man not her husband, had threatened to kill her, and in his marital relations was

a degenerate; that he did not pay her bills for the necessaries of life. To corroborate her testimony some witnesses were produced in her behalf, who said they had heard Mr. De Ville and his wife quarreling. One witness testified that he had heard the plaintiff call his wife a vile name, and threatened to kill her on account of some other man. The plaintiff denied that he had called his wife the name in question, or that he had threatened to kill her, or was a degenerate in his conduct toward her. He did not, however, pay her bills after she had repeatedly refused to live with him.

The trial court considered this conflicting testimony, made its finding in favor of the plaintiff thereon, and refused to grant an interlocutory decree to the defendant.

Where the evidence is conflicting we will not disturb the decision of the trial court. (*Baucom* v. *Baucom,* 25 Cal. App. 108, [142 Pac. 902]; *Donnelly* v. *Donnelly,* 26 Cal. App. 577, [147 Pac. 582].)

[1] We are satisfied from the testimony of both the plaintiff and the defendant, as well as from the letters which were introduced in evidence, that the trial court committed no error in finding in favor of the plaintiff that the defendant had deserted him within the meaning of sections 96 and 107 of the Civil Code.

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.