[Civ. No. 3372. Third Appellate District.—November 15, 1927.]

LILLIAS JANE HANSEN, Respondent, v. PETER HANSEN, Appellant.

T. J. K. MacGowen for Appellant.

Oscar E. Winburn for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by defendant Peter Hansen from a judgment granting an interlocutory decree of divorce to plaintiff Lillias Jane Hansen, upon the grounds of wilful neglect and extreme cruelty.

These parties intermarried in Australia on September 24, 1913, and separated in California on September 25, 1923. Three children were born as the issue of said marriage, the custody of whom were awarded to the plaintiff.

Appellant contends that the acts alleged in the complaint are insufficient to constitute extreme cruelty.

The complaint, among other things, alleges:

"Plaintiff alleges that defendant, disregarding his marriage vow and his duty to and toward the plaintiff as his wife, has been for a period of several years last past guilty of extremely cruel and inhuman conduct to and toward the plaintiff, and in particulars as follows:

"That during a long period of time heretofore defendant has been so coarse, disgusting and degrading in all personal, domestic and sexual habits as to cause plaintiff great mental suffering, physical pain and much humiliation, and to such an extent as to render the life of plaintiff burdensome and her life with him intolerable.

"That defendant is coarse, filthy and vulgar in his personal habits in that he has on several occasions and at many times expectorated at the dining table while eating his meals in company with plaintiff and members of the family, said defendant at such times and occasions using empty eggshells or dishes upon the table as receptacles for his expectorations, all of which were sickening, disgusting and humiliating to plaintiff, and which caused her to become disgusted, sick and humiliated.

"That defendant has a violent, harsh and ungovernable temper, and constantly exercises a domineering and unreasonable attitude to and toward plaintiff, causing her to become nervous, sick and humiliated.

"That on or about the 6th day of October, 1920, defendant, without any cause or reason and without the consent or knowledge of plaintiff, took the two oldest of said minor children and left them at a Chinaman's house at Prescott, Arizona, and refused to tell plaintiff where said children were or to allow or permit her to see said children, until plaintiff agreed to dismiss a certain action which she had theretofore filed against the defendant in the Superior Court of Los Angeles County, asking for a divorce from defendant upon the ground of extreme cruelty. Defendant at said time told plaintiff that unless she dismissed said divorce action she would never see said minor children again, whereupon and acting in fear of said threat plaintiff did cause said action to be dismissed. Said conduct and words of defendant caused plaintiff great mental suffering and to become nervous and sick.

"That almost daily defendant walks around the family home of the parties herein in a nude condition in the presence and in view of plaintiff and all of the minor children of said parties, thereby causing plaintiff to become disgusted, sick, nervous and humiliated.

"That defendant constantly teaches the said minor children to be unpatriotic, and has on three occasions within

the past year burned and destroyed American flags which had come into the possession of said minor children, thereby causing plaintiff to become disgusted and humiliated and to suffer great mental anguish.''

Section 94 of the Civil Code defines extreme cruelty to be ''the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage.''

■ No arbitrary rule of law can be laid down as to what particular facts must be alleged and proven in order to justify a finding that the complaining party has suffered grievous bodily injury or has undergone grievous mental suffering. A correct decision must always depend upon the sound sense and judgment of the trial court. ''Whether in any given case there has been inflicted grievous mental suffering or grievous bodily injury, is a question of fact to be deduced from all the circumstances of each particular case, keeping always in mind the intelligence, apparent refinement and delicacy of sentiment of the complaining party.'' (*Barnes* v. *Barnes,* 95 Cal. 171 [16 L. R. A. 660, 30 Pac. 298]; *Fleming* v. *Fleming,* 95 Cal. 430 [29 Am. St. Rep. 124, 30 Pac. 566]; *Andrews* v. *Andrews,* 120 Cal. 184 [52 Pac. 298]; *MacDonald* v. *MacDonald,* 155 Cal. 665 [25 L. R. A. (N. S.) 45, 102 Pac. 927]; *Donnelly* v. *Donnelly,* 26 Cal. App. 577 [147 Pac. 582]; *Perkins* v. *Perkins,* 29 Cal. App. 68 [154 Pac. 483]; *Maloof* v. *Maloof,* 175 Cal. 571 [166 Pac. 330]; *McCahan* v. *McCahan,* 47 Cal. App. 176 [190 Pac. 460]; *Crum* v. *Crum,* 57 Cal. App. 539 [207 Pac. 506].)

■ Therefore, in the case at bar, whether or not the acts and conduct of appellant inflicted grievous mental suffering, or grievous bodily injury, or both, upon the respondent, was a question of fact for the determination of the trial court from all the facts and circumstances in the case. No demurrer was interposed to the complaint, and no objection to the introduction of evidence thereunder was made by appellant, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. ■ The allegations and specifications of cruelty set forth in the complaint are sufficient as a basis for the introduction of testimony of the alleged acts of cruelty. (8 Cal. Jur. 705, and cases cited.)

■ Appellant also contends that the evidence is insufficient to sustain the judgment for divorce on the ground of extreme cruelty. There is no merit whatever in this contention. The testimony of the plaintiff and respondent follows very closely the allegations of the complaint and reveals a course of conduct on the part of the appellant so immoral, degrading, and reprehensible and habits so filthy as to shock the sensibilities of any decent man or woman, much less a lady of modesty and refinement, as the record shows respondent to be.

It will serve no useful purpose to recite all the evidence in detail; suffice it to state some of the acts and conduct of appellant, embraced within and forming part of his course of conduct toward respondent, which continued regularly and continuously for more than four years immediately preceding their separation, viz.: It was the practice of the defendant, while eating his meals, in company with his wife and children, to expectorate in eggshells and dishes; he would take his false teeth out of his mouth and lick them while he was still eating; he would use the sink for a toilet, and also use the back yard for a toilet in daylight in the view and presence of his children and neighbors; he would go around the house in the presence of his children, guests, and wife, in a nude condition; he would sleep at night with his wife, absolutely naked, refusing to wear any nightclothes of any kind, and would keep his wife awake at nights and pinch her from the thighs down, making her black and blue, because she insisted on wearing a nightgown. This practice of pinching his wife was a common occurrence and from which she suffered considerable pain. All these acts continued for about four years, growing more intolerable as time went on.

Mrs. Hansen further testified that appellant's treatment of her at night became so unbearable that she was compelled to get out of bed a number of times and lie on the floor to try to get rest and sleep.

The proof also shows that the appellant would go out in the yard in a nude condition in the middle of the day and take a bath at a pump in plain view of the children and neighbors, in South Pasadena.

The evidence also shows that the appellant was unpatriotic in the extreme. His three children were given three

American flags; he took one of the flags and burned it up and the others were taken from the children, and he went to the lady who gave his children the flags and told her "not to give the children American flags—that he was not an American and did not want his children to have American flags." He would stop the children from singing patriotic songs they had learned at school, and refused to let them salute the American flag. Many other details were given of the conduct and actions of the appellant, equally revolting and disgusting.

The appellant complained that his wife would not go with him where he could get work, but the proof shows that they moved fourteen times within two years and five months.

■ Complaint is also made by appellant that the alleged acts of cruelty testified to by respondent are not sufficiently corroborated. The fact is that practically all of the acts and conduct of cruelty are fully corroborated by other witnesses, or by facts and circumstances. Indeed, the corroboration is more complete than is usually possible in this kind of action. It is, however, wholly unnecessary that all of the acts of cruelty be corroborated, for the law is well settled that where a divorce is sought on the ground of extreme cruelty, consisting of successive acts of ill treatment, as is the case here, it is not necessary that there should be direct testimony of other witnesses to every act sworn to by the plaintiff, but it is sufficient corroboration *if a considerable number of important and material facts are testified to by other witnesses, or if there is other evidence, circumstantial or direct, which strongly tends to strengthen and confirm the statements of plaintiff.* (*Andrews* v. *Andrews, supra; Crum* v. *Crum, supra; Perkins* v. *Perkins, supra; Avery* v. *Avery,* 148 Cal. 242 [82 Pac. 967].)

The trial judge had the parties before him, and thus having the opportunity of judging of the degree of intelligence, refinement, and delicacy of sentiment possessed by respondent, concluded that the acts and course of conduct of appellant wilfully inflicted upon her grievous mental suffering, as well as grievous bodily injury, to the extent that it constituted extreme cruelty.

A careful examination of the rather voluminous record convinces us that the trial court was fully warranted in so concluding; in fact, there is no other reasonable deduction that could be drawn from all of the evidence in the case.

■ Appellant also contends that an unreasonable lapse of time has intervened between the commission of the acts of cruelty and the commencement of this action, and for this reason alone insists that the judgment should be reversed. This contention is devoid of any merit whatever. The testimony shows that appellant has been guilty of serious reprehensible conduct toward the respondent continuously for more than four years immediately preceding their separation and the filing of the complaint in this action. In fact, the respondent testified that appellant pinched her legs from the thighs down to such an extent that her limbs were black and blue, on the very last night that she lived with him. Appellant would have us hold, that because his wife had been physically able to, and did, withstand his ill treatment for more than four years, she has thereby condoned or acquiesced in it, and has forfeited her right to obtain a divorce upon that ground. Certainly, such is not the law. Mrs. Hansen explained why she had endured this cruel treatment for so long, and said it was on account of the children, and in the hope that conditions would be better, but instead of getting better they continued to get worse, until she could endure his unjustifiable treatment and conduct no longer and left him, and immediately instituted this action for divorce.

One of the main objects of the provisions of section 124, subdivision 3, and sections 125 and 130 of the Civil Code is to prevent collusion and fraud, but a reading of the testimony in this case certainly dispels any intimation that there has been any collusion, or any condonation of, or acquiescence in the conduct of appellant on the part of Mrs. Hansen. ■ Furthermore, the question whether any lapse of time is reasonable or not is one which the trial court must determine, and the trial court in this case determined there was no unreasonable lapse of time, and there being ample evidence to support such a conclusion, it is conclusive on appeal. (9 Cal. Jur. 692.)

■ Counsel for appellant, while apparently admitting the truth of the charges made against his client, attempts

to justify them upon the ground that such acts should be termed "mere traits of character" and "personal habits," and, not being directed towards respondent with a malevolent motive, are therefore insufficient to constitute cruelty. Appellant lays great stress upon the case of *Dahnke* v. *Dahnke*, 55 Cal. App. 13 [202 Pac. 894], as supporting the above contention. A mere casual reading of that case will show that it lends no support whatever to the contention of counsel. In that case Henry Dahnke was at the time of his marriage inflicted with a loathsome, incurable skin disease, of which he did not acquaint his wife before their marriage. Mrs. Dahnke, after obtaining this knowledge, lived and cohabited with Dahnke for seven years, and the court found that the disease was not contagious and did not affect Mrs. Dahnke in any way, and that there was no intention on the part of Dahnke to *wrongfully* inflict any suffering upon his wife. On the contrary, in the case at bar, the evidence shows, and the court found, that the acts and conduct of Peter Hansen were *wilful and deliberate and wrongfully caused respondent great mental suffering and physical pain and humiliation, etc.*

It could hardly be seriously contended that appellant's filthy habits in using the yard and sink for a toilet, expectorating at the dinner-table, etc., were "mere traits of character" or "mere personal habits" of a normal person. Such conduct and such habits show a lack of character and a lack of common decency.

It is further contended by appellant that there is no sufficient corroboration of the testimony of Mrs. Hansen that appellant was guilty of wilful neglect. We need not dwell at length upon this cause of action. As we have already stated, respondent sought a divorce upon two grounds, wilful neglect and extreme cruelty, and, as we have seen, the evidence is ample to support a decree of divorce upon the ground of extreme cruelty, it therefore becomes immaterial in this case whether or not she has also proven a sufficient cause for divorce upon the ground of wilful neglect. We might add, however, that we have examined the testimony offered in corroboration of the testimony of Mrs. Hansen on the ground of wilful neglect and, while such testimony is not as strong and complete as it is in

support of the cause of action on extreme cruelty, it is, nevertheless, in our opinion, sufficient.

We find no reason for disturbing the judgment of the trial court. The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.