[Civ. No. 11022. First Appellate District, Division Two.—April 3, 1939.]

BEATRICE W. VAN NESS, Appellant, v. THOMAS C. VAN NESS, Jr., Respondent.

Seibert L. Sefton for Appellant.

C. H. Sooy and Louis Oneal for Respondent.

STURTEVANT, J.—From a judgment awarding a divorce in favor of the defendant on his cross-complaint the plaintiff has appealed. On July 23, 1936, the plaintiff commenced the action by filing a complaint. She pleaded three different counts. In the first count she pleaded cruelty prior to the year 1932. In the second count she pleaded desertion commencing in the month of October, 1932. In the third count she pleaded failure to provide during the period July, 1934, to July, 1936. The defendant appeared and filed an answer which contained denials of all of the wrongs charged against him. He also filed a cross-complaint in which he pleaded charges against the plaintiff. In the first count he charged cruelty committed prior to October, 1926. In the second count he pleaded desertion commencing with the month of October, 1932—the same month, it will be noted, that the plaintiff had charged desertion against him. The record does not disclose that the plaintiff filed an answer to the cross-complaint, nor if she did what the contents of said document were. The trial court made findings of fact in favor of the defendant on both counts pleaded in his cross-complaint.

The plaintiff and defendant intermarried in San Francisco in the year 1918. At that time and as far back as the year

1900, Mrs. Ward, her mother, owned a home and resided at San Jose. Mr. D'Ablaing, an elderly man, was a member of her household and had been since 1900, or thereabouts. Mr. Wilbur McColl until his death in May, 1935, was also a member of the household. At the time of the marriage the defendant's mother was the owner of a home and resided at 1921 Octavia Street, San Francisco, and the defendant was residing with her. After the marriage the plaintiff and defendant continued to reside with his mother. Soon after the marriage the plaintiff commenced to make visits to her former home in San Jose. Those visits were frequent and some of them extended over a period of ten days, two weeks, or longer. In 1923 the plaintiff's mother died; however, the San Jose visits continued down to the year 1932. In October of that year she left San Francisco for another visit and from that time she never returned to the residence of the defendant. Many disputes arose between the plaintiff and defendant of and concerning said visits being made at all, if made at all why they should be longer than from morning until night, to what extent the expenses of maintaining the San Jose home should be borne by the defendant, and other kindred matters. Other facts will hereinafter be recited as it becomes necessary.

■ The plaintiff contends that the defendant should have been denied a divorce because of the unreasonable lapse of time before the commencement of the action. (Civ. Code, secs. 111, 124, 125 and 126.) The defendant replies that said point may not be presented for the first time on appeal. He calls attention to the fact that the plaintiff did not plead such a defense to the cross-complaint, that she did not introduce any evidence on the subject, and that the trial court was not asked to make a finding thereon. Continuing the defendant contends that conceding a decree should be denied if there is an unreasonable lapse of time before the commencement of the action, nevertheless in support of the judgment it will be presumed the trial court made an implied finding that the lapse of time was not unreasonable. The plaintiff replies that the trial court should have made a finding whether the defense of laches was pleaded or not pleaded. (*Hunter* v. *Hunter,* 132 Cal. 473 [64 Pac. 772].) The plaintiff quotes from page 476: "*If, therefore, the evidence had shown condonation,* it would have been the duty of the court, even without a pleading, to have found

to that effect.'' (Italics ours.) She argues that therefore in the instant case a finding should have been made that there was or was not unreasonable delay. We think not. If there had been evidence showing *affirmatively* that defense, her argument would be sound. But the trial court was not bound to insert a finding negativing the existence of a defense of which there was no evidence. The defendant also answers that under the facts in the record if a finding had been made it would necessarily have been adverse to the claims of the plaintiff, and, under these circumstances, it was not prejudicial error to fail to make the finding. That statement is supported by a long list of authorities. (*Reiniger* v. *Hassell*, 216 Cal. 209 [13 Pac. (2d) 737].)

The plaintiff also contends that the record shows she did present the point in the trial court. She calls attention to certain dates appearing in the record. It is sufficient to state that the record does not support her contention. In further support of his position the defendant calls attention to the fact that desertion is a continuing cause of action. (*Dee* v. *Dee,* 87 Cal. App. 17, 19 [261 Pac. 501].) He further contends that if, for example, he proved desertion commencing on or before the 31st day of October, 1934, and that it lasted until the 31st day of October, 1935, then and in that event no question of unreasonable delay was involved. We think that contention is also sound. There is an abundance of evidence in the record that on several occasions, if not all, the plaintiff wilfully absented herself from the residence of the defendant for one, two or three weeks at a time. Those facts, taken in connection with other facts appearing in the record, fully warranted the trial court in holding as it did that the plaintiff's desertion was wilfully commenced as early as October, 1932, and was wilfully continued down to the date of the filing of plaintiff's complaint.

The plaintiff then contends there was no evidence to corroborate defendant's testimony upon his cause of action based on desertion. We think the point has no merit. It will be conceded at once that he did not corroborate every single element of his case. Of course, he was not bound to do so. (*Percy* v. *Percy,* 188 Cal. 765, 767 [207 Pac. 369].) The defendant introduced the testimony of two servants that were in his house when the plaintiff left there to go to the home in San Jose. Witnesses called by the plaintiff testified to her presence in the home at San Jose on certain of

said visits. Letters were introduced which also tended to prove the same facts. The action was bitterly contested on both sides. We think the rule stated in *Percy* v. *Percy, supra,* is directly applicable.

The plaintiff finally contends that the evidence was insufficient to support the decree based on the ground of extreme .cruelty, and that there was no evidence to corroborate that theory. From what has been said above we do not feel called upon to discuss either of those contentions in detail. It is sufficient to remark that this court is of the opinion neither contention should be sustained. As we have shown, the decree in favor of the defendant based on the ground of desertion must be affirmed. No interest of either of the parties requires that this court should make a written analysis setting forth the specific facts constituting the proof of cruelty and the specific conclusions reached thereon by this court.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1939.