[Civ. No. 14400.    First Dist., Div. Two.    July 13, 1950.]

IRENE BAKER, Appellant, v. CHARLES B. BAKER, Respondent.

Breece W. Sloan and Franklin A. Dill for Appellant.

Bernheim & Sugarman for Respondent.

NOURSE, P. J.—Plaintiff sued for divorce charging extreme cruelty. Defendant answered and filed a cross-complaint charging extreme cruelty. The trial court awarded an interlocutory decree to plaintiff and gave to her a part of the community property, and counsel fees, but no alimony. Plaintiff's appeal rests wholly on the ground that the failure to award her more than half of the community property and alimony was a breach of discretion.

The evidence of the value of the various parcels of community property was conflicting and, though the trial court repeatedly urged counsel to clarify those values, they did not do so. Appellant was given the home place and furniture. Respondent was given two small houses of approximately equal value, a worthless automobile and a trailer in which he lived. A balance of $1,000 due from sale of property was equally divided. ▆ Appellant frankly states that there was no proper evidence before the trial court as to the value of the three houses and asks that the matter be referred to a referee to take such evidence.

This is not the time nor the place to take such evidence. Appellant sought a division of the community property in her complaint and the burden of proof was on her, in the superior court, to prove the value of the various parcels so that a proper award could be made. However there is some evidence of value, meagre and conflicting though it may be, which supports the award and the only question open to debate now is whether there was an abuse of discretion in the division, without alimony.

▆ The parties waived findings and it is not the function of the reviewing court under these circumstances to weigh the evidence. The operative rule covering the right of the reviewing court to assume that the trial court found every fact essential to support the judgment is fully discussed in *Childers* v. *Childers*, 74 Cal.App.2d 56 [168 P.2d 218]. The opinion cites *Dee* v. *Dee*, 34 Cal.App. 658, 659 [168 P. 588], where it was said that: "Since the findings were waived, it must be assumed that the court found against the plaintiff all the facts necessary to sustain the judgment. (*Bruce* v. *Bruce*, 16 Cal.App. [353] 357 [116 P. 994].)"

▆ This is the rule applicable here. The evidence of values was sharply conflicting. Without seeing or hearing the witnesses this court should not weigh the evidence to determine what is true and what is false. And when the trial court is

charged with a breach of discretion in the manner in which it weighed the evidence the appellant must show more than that there was a conflict in the evidence.

Our judgment rests on this ground: When findings of fact have been waived the reviewing court will assume that the trial court found every fact essential to support the judgment, and when a transcript of the evidence is before the reviewing court it will not weigh the evidence to determine what is true and what is not, but it will search the record for the purpose only of determining whether there is substantial evidence supporting the judgment and will resolve all doubts in favor of the judgment. This function of the reviewing court is fully discussed in *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]; and *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308 [196 P.2d 20].

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied August 12, 1950, and appellant's petition for a hearing by the Supreme Court was denied September 7, 1950.