[Civ. No. 19073. Second Dist., Div. One. Nov. 12, 1952.]

THOMAS R. PRICE, Respondent, v. ADA F. PRICE, Appellant.

Spray, Gould & Bowers and Olga Phillips Anderson for Appellant.

Houser & Beam for Respondent.

WHITE, P. J.—This is an appeal by the defendant wife from an interlocutory judgment of divorce granted upon the grounds of desertion and extreme cruelty. It is contended that plaintiff's testimony is not corroborated as required by section 130 of the Civil Code; that the trial court erred

in excluding from evidence the record of a previous divorce action which had been brought by the plaintiff and dismissed, and which was offered for the purpose of impeachment; and that the plaintiff failed to overcome the presumption arising under the provisions of section 125 of the Civil Code when there has been unreasonable delay in commencing an action for divorce.

With respect to the asserted lack of corroboration, appellant submits that plaintiff's testimony that the parties separated in 1923 was not corroborated, in that the testimony of the corroborating witness supports the contention of defendant that the separation did not take place until June, 1925. Further, it is pointed out that a defense witness testified that the parties lived in an apartment over the garage belonging to the witness until June, 1925.

In substance, plaintiff testified that defendant unjustly accused him of consorting with other women, threw water in his face instead of assisting him when on occasions a World War I lung injury caused him to gasp for breath, had him ousted from the home of the parties, and threatened to use force should he attempt to return. That when he attempted to return at a later date he was prevented from entering the premises by the police, who informed him they had been ordered to keep him away. That the defendant refused ever to live with him again; that they separated about April 1, 1923, and since that time defendant had wilfully refused to live with him.

Bertha Schmidt testified by deposition that she had observed defendant's attitude toward plaintiff, which attitude was not one of affection or love, but instead defendant quarreled with plaintiff without provocation; that the witness was present on or about April 1, 1923, when plaintiff attempted a reconciliation and defendant refused to live with plaintiff, threatening force if plaintiff did not leave the premises; that to the witness' knowledge plaintiff and defendant did not reside together after that time.

It is urged that the corroborative testimony is insufficient, or rather, inadmissible, because of the testimony offered by the defendant wife and another witness to the effect that after the separation in 1923 there was a reconciliation and the parties lived together until the plaintiff deserted the defendant in 1925. Appellant contends that this testimony was uncontroverted.

·Appellant's argument, in effect, is that her testimony and that of her witnesses should be accepted and the testimony of the plaintiff should be rejected. It was the function of the trial court to evaluate the testimony and resolve conflicts therein. The power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier of fact (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]). The evidence presented by the plaintiff was sufficient to support the judgment rendered by the trial court. Further it is the rule that when, as in the cause now before us, findings of fact have been waived, the appellate court will not weigh the evidence to determine what is true and what is not, but will assume that the trial court found every fact essential to support the judgment, and will search the record for the purpose only of determining whether there is substantial evidence supporting the judgment and will resolve all doubts in favor of the judgment (*Baker* v. *Baker,* 98 Cal.App.2d 424, 425, 426 [220 P.2d 576], and cases cited).

 With respect to appellant's second point, the record reveals that on cross-examination plaintiff testified that he had not communicated with his wife, directly or indirectly, since about 1930 or 1931. A copy of a "petition for divorce" filed by plaintiff in 1933, was then offered in evidence for the stated purpose of impeaching plaintiff's testimony. Assuming that the testimony sought to be impeached was material, and further assuming that the proffered document constituted evidence of "communication" by the plaintiff to his wife, nevertheless its exclusion cannot be characterized as prejudicial error. At most, the proffered document showed that the plaintiff, testifying in 1951, was in error as to the date of something which occurred 18 years before. As the trial court commented, " . . . if that document were actually introduced in evidence, it would not bear much weight with me as to the actual communication between the plaintiff and the defendant."

Section 124′ of the Civil Code, so far as here pertinent, provides that a divorce must be denied "when there is an unreasonable lapse of time before the commencement of the action." Section 125 of the Civil Code provides: "Unreasonable lapse of time is such a delay in commencing the action as establishes the presumption that there has been connivance,

collusion, or condonation of the offense, or full acquiescence in the same, with intent to continue the marriage relation notwithstanding the commission of such offense." However, section 126 of the Civil Code provides that the presumptions arising from lapse of time may be rebutted by showing reasonable grounds for the delay.

■ One of the main objects of the foregoing Civil Code sections is to prevent collusion or fraud (*Hansen* v. *Hansen,* 86 Cal.App. 744, 751 [261 P. 503]). In the present cause, as in the cited case, the record dispels any intimation of collusion. ■ Further, the offense of desertion is a continuing one (*Van Ness* v. *Van Ness,* 32 Cal.App.2d 66, 68 [89 P.2d 166]; *Dee* v. *Dee,* 87 Cal.App. 17, 19 [261 P. 501]). ■ Whether in the particular circumstances the lapse of time was reasonable was a question for the trial court to determine (*Hansen* v. *Hansen, supra,* p. 751). ■ As heretofore stated, we must assume that the court found every fact necessary to support the judgment, and the record discloses evidence as to the plaintiff's financial difficulties and chronic ill health which the court no doubt took into consideration in concluding that the delay was not unreasonable.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.