[Civ. No. 19195. `Second Dist., Div. One.   Feb. 5, 1953.]

JEANNE NOBLE, Appellant, v. JOHN GILMAN NOBLE, Respondent.

Robert Wanamaker for Appellant.

Poole & Mardian for Respondent.

WHITE, P. J.—Plaintiff appeals from an interlocutory judgment of divorce granted to the defendant husband upon his cross-complaint.

The parties were married in 1932 and separated in 1944. There are two children of the marriage, both boys, born respectively in 1933 and 1938. By her complaint for separate maintenance plaintiff charged that during the year 1943 defendant treated her cruelly, causing her to become physically and mentally sick and requiring her to be placed in a sanitarium and in a state hospital; that upon her recovery in 1948 she attempted to return to the family home, but defendant refused to admit her and failed to provide for her support. In his cross-complaint defendant alleged that since the marriage of the parties the plaintiff had treated him with extreme cruelty by striking him about the head and face on many occasions; that in 1941 she left the home of defendant with the children and remained away for a year; that upon her return she continued her course of slapping and physically abusing the defendant, ridiculing him, and quarreling without provocation; that when plaintiff refused

to undergo medical treatment she was in February, 1944, adjudged incompetent and confined in Mission Lodge Sanitarium and subsequently in Camarillo State Hospital; that she was released from Camarillo in 1947 on a probationary status; that following her release defendant refused to allow plaintiff the custody of the children because of the advice of plaintiff's physician that she might harm them; that following her release, "on occasions too numerous to mention, plaintiff quarrelled violently with defendant, insisting upon the custody of said children although said minor children did not and do not now desire to reside with her."

The trial court made findings in accordance with the allegations of the husband's cross-complaint, and further found that the defendant had not treated plaintiff cruelly and had not deserted her, but that plaintiff had continually inflicted bodily harm on defendant from 1932 to 1944, and after her release from the state hospital, she visited the home of the parties "and upon such occasions did abuse the defendant and cross-complainant by shouting at him and quarreling with him in the presence of the children although the children had expressed their desire to and did desire to reside with defendant and cross-complainant."

■ Appellant urges, first, that the trial court erred prejudicially "in refusing to consider the evidence of the husband's adultery under the general allegations of cruelty" contained in the wife's complaint for separate maintenance. Testimony concerning the alleged adultery was admitted without objection, although it had not been mentioned in the plaintiff's complaint. Examination of the reporter's transcript discloses, however, that while the trial court did decline to permit an amendment to the complaint "to conform to the proof" by charging adultery with an unidentified person as extreme cruelty, the court further was of the view that no cause of action for adultery had been "proved." Further, the trial judge stated that it was his view that the alleged adultery had been condoned. The trial court's views in these respects were carried into his findings of fact and conclusions of law.

Appellant further contends that the evidence was insufficient to support the finding that respondent husband was not guilty of extreme cruelty; that the husband's adultery constituted recrimination for the alleged previous acts of cruelty on the part of the wife; and that the wife's acts of cruelty between 1932 and 1943 were condoned by the husband, and her alleged

acts of cruelty after her release from the sanitarium were too trivial to constitute cruelty.

All of the questions raised by the appellant present problems addressed to the judgment and discretion of the trial court, and in the absence of a showing that such discretion was abused, or that there is no substantial evidence to support a finding, the judgment must be affirmed. ■ With respect to conflicts in the testimony or conflicting inferences which might be drawn therefrom, the power of this court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier of fact (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]; *Price* v. *Price,* 114 Cal.App.2d 176 [249 P.2d 841]). ■ Whether there has been condonation by reason of an unreasonable lapse of time (Civ. Code, §§ 124, 125, 126) was a question for the trial court to determine taking into consideration the circumstances of the particular case (*Price* v. *Price, supra,* p. 179; *Hansen* v. *Hansen,* 86 Cal.App. 744, 751 [261 P. 503]). ■ So also, it was the duty of the trial judge to determine from all the circumstances whether a showing of a cause of action for divorce by way of recrimination is to be regarded as "in bar" of the opposing party's cause of divorce. (See *DeBurgh* v. *DeBurgh,* 39 Cal.2d 858, 871, 872, 873 [250 P.2d 598].)

■ The trial judge saw and heard the parties and their witnesses. It was for him, sitting as a trier of fact, and not the court of appeal, to determine the value and effect of their testimony. The record discloses substantial evidence to support the conclusions of the trial court and no abuse of discretion.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.