[Civ. No. 19530. Second Dist., Div. One. Sept. 17, 1953.]

THOMAS A. HELMS, Respondent, v. WILLIAM C. THOMAS, Appellant.

Gross & Svenson for Appellant.

Sims & Wallbert for Respondent.

WHITE, P. J.—Trial of an action for damages for assault and battery resulted in a verdict in favor of plaintiff, awarding the sum of $30,000 general damages and $100 punitive damages against the defendants William C. Thomas and Ed O'Conley. Defendant William C. Thomas prosecutes this appeal from the judgment entered upon the verdict. Appellant contends that the evidence is insufficient to support the verdict and that the damages are excessive.

Appellant operated a business of preparing and delivering ready-mixed concrete. Respondent and defendant O'Conley were in his employ as truck drivers. Respondent testified that about noon on December 20, 1950, at appellant's establishment, while respondent was watching the water-gauge on his truck, O'Conley came up behind him and said, "What's this I hear about you getting me blackballed?" to which respondent answered, "I don't want to talk about it." Thereupon O'Conley grasped him by the ear and the collar of his shirt, swung him around and hit him a few times, keeping the respondent off balance. Appellant, who was operating the process of delivering to the trucks the mixture of sand, gravel and cement, ran up, seized respondent, and held him while O'Conley struck him several more times, until appellant said, "That is enough, Eddie." Respondent's injuries rendered him unconscious; he was taken to a receiving hospital, where he remained for four days; after two or three days at home he was taken to the California Lutheran Hospital, where he remained for approximately three weeks. He suffered a complete and permanent loss of hearing in his right ear and damage to his sense of equilibrium.

Appellant makes an earnest effort to sustain the proposition that the verdict is not supported by the evidence. Inconsistencies in respondent's testimony and conflicts with the testimony of appellant are pointed out. The appellant testified that he and another employee, Braugher, were merely attempting to separate the combatants. It is urged that the only reasonable inference is in favor of appellant's version of the occurrence. It is argued that appellant was a businessman, owner and manager of the enterprise, and engaged in operating the complex loading machinery when the fight started. Consider, urges appellant, that there is no evidence

that he knew there was a fight until the scuffling began; also the speed with which a number of blows are struck in a heated fight and the impossibility of separating the contestants without some further blows being struck while the separation is being effected; that Thomas had no motive to help O'Conley when O'Conley was so obviously having the best of the fight; that in the circumstances, appellant as a businessman would not have interrupted an important loading operation when he had every motive to keep the peace and insure efficient operation of his plant. The only reasonable inference, it is urged, favors appellant's version of the affair.

Further argument is presented to the effect that no unfavorable inferences can be drawn from the fact that appellant and O'Conley were friendly (plaintiff testified that they were drinking companions at the place of business); that appellant repeated to O'Conley respondent's statement that he would have O'Conley "blackballed" at the union for telling appellant that respondent had stopped his truck for an hour, when respondent stated he stopped only for some cigarettes; that appellant told respondent's wife he would pay all medical expenses and the salary of respondent and that his job would be waiting for him; and that appellant said he didn't know what happened except that it was a fight between respondent and O'Conley.

Appellant's argument against the sufficiency of the evidence, ably presented as it is, fails under the well established rules governing the function of courts of appeal in a situation such as is here presented. In effect, appellant urges that the appellate court review the conclusions of the jury as to the credibility of witnesses, and further, to determine that the inferences drawn by the jury from the admitted facts and the testimony were not reasonable. The situation presented is that of a direct conflict between the testimony of respondent and that of appellant. The jury chose to believe the former. With this choice the appellate court cannot interfere, in the absence of such extraordinary circumstances as are suggested in the case of *People* v. *Haydon,* 18 Cal.App. 543, 551, 552, 553, 554 [123 P. 1102, 1114].

The basic rule, which has been stated and restated, is that with respect to conflicts in the testimony or conflicting inferences which might be drawn from the evidence, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contra-

dicted or uncontradicted, which will support the conclusion reached by the trier of fact. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]; *Price* v. *Price,* 114 Cal.App.2d 176, 179 [249 P.2d 841].)

▮ Whether appellant interfered in the fight to aid the alleged aggressor, O'Conley, or to keep the peace, was strictly an issue of fact, to be determined by the fact-finding body. The issue has been determined against appellant under instructions which are not criticized on appeal. The verdict must therefore be upheld.

It is further urged that the award of damages is excessive. The award herein was $30,000, as was the award in *Potter* v. *Empress Theatre Co.,* 91 Cal.App.2d 4 [204 P.2d 120], after reduction from $50,000 by the trial court. Appellant points out that the injuries in the present case are not as severe as those involved in the cited case. ▮ The question, however, is not what the appellate court might consider a proper award, but whether the award is so large as to indicate passion or prejudice on the part of the jury. (*Holder* v. *Key System,* 88 Cal.App.2d 925, 939 [200 P.2d 98].) ▮ We cannot hold that the award in the present case indicates such passion or prejudice. Respondent at the time of the assault was a married man, 29 years of age. He was permanently deprived of hearing in his right ear and lost the sense of equilibrium in his "middle ear." This term was used by the expert medical witness when he testified as follows: "Now sound is conducted through the external ear and through the middle ear which contains the little bones of hearing to the inner ear." Respondent's injuries were such that bone conduction was lost and he therefore could not use a hearing aid. At the time of trial he was still periodically hemorrhaging and expectorating blood. He was hospitalized for approximately a month. He suffered intense pains in his head up to the time of trial.

▮ Appellant points out that respondent has lost no weight, has a better job, that his equilibrium "and general reactions" are "basically normal." These facts are not sufficient to justify an appellate court in reducing the amount of the award. Respondent's loss of hearing and equilibrium in the right ear are permanent injuries. That this disability will be a handicap to him throughout his life is more than a mere possibility. ▮ When the question of excessive damages was raised before the trial court on motion for new

trial, the trial court, sitting as a thirteenth juror, with the power to weigh the evidence and judge of the credibility of witnesses, declined to grant a new trial or reduce the award of damages. "His denial . . . is an indication that he approves the amount of the award. An appellate court has no such powers. It cannot weigh the evidence and pass on the credibility of the witnesses as a juror does. To hold an award excessive it must be so large as to indicate passion or prejudice on the part of the jurors." (*Holmes* v. *Southern Cal. Edison Co.*, 78 Cal.App.2d 43, 51, 52 [177 P.2d 32].)

Tested by these rules, the instant case does not present a situation warranting interference by an appellate tribunal with the conclusion arrived at by the duly constituted arbiters of the facts. We find here substantial evidence to support the award of damages.

The judgment is affirmed.

Doran, J., and Scott (Robert H.), J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 12, 1953.